CHARLES CUSHMAN & another *vs.* MOSES T. DAVIS.

In an action brought in the name of the assignee of an insolvent debtor, upon an account, the defendant, in order to avail himself of the defence that prior to the commencement of the action the account had been sold by the assignee, must set it out in the answer.

CONTRACT brought by the assignees of an insolvent debtor, upon an account annexed. At the trial in the superior court, one of the plaintiffs was called as a witness, and was asked on cross-examination if the account in suit had not been sold; but *Putnam*, J. excluded the evidence, because the answer did not set up this ground of defence. The judge informed the defendant's counsel that an amendment of the answer would be allowed, if asked for, but leave to amend was not asked, and a verdict was returned for the plaintiffs; and the defendant alleged exceptions.

*A. W. Boardman*, for the defendant.

*A. G. Burke*, for the plaintiffs.

HOAR, J. The single question which this case presents is, whether, in an action by the assignees of an insolvent debtor, upon an account which had belonged to his estate, the defendant, in order to avail himself of the defence that, prior to the commencement of the action, the demand had been sold and transferred by the assignees to a purchaser, must set it out in his answer. The statute provides that " any suit hereafter brought upon any claim or demand, sold by any assignee of the estate of any insolvent debtor by authority of law, shall be brought in the name of the purchaser of such claim or demand; and the fact of such sale by the assignee, and purchase by the plaintiff, in such suit, shall be set out in the writ." *St.* 1859, *c.* 194, § 1. The act is entitled, " An act concerning the liability of assignees for costs in certain cases;" and it is substantially reënacted in Gen. Sts. *c.* 118, § 100. Before the statute, it was held that the purchaser of such a claim could only sue in the name of the assignee. *Hay* v. *Green*, 12 Cush. 282. And as the object of the statute is obviously to facilitate the sale of claims against

Cushman & another *v.* Davis.

the insolvent estate, and to protect the assignee from the liability to costs which might be incurred if the suit were brought by the purchaser in the assignee's name, we cannot construe it as changing the rule of law which would protect the debtor to the insolvent estate, until he should have notice of the transfer of the demand against him to a purchaser. If he had such notice, he could plead the sale and transfer in defence to a suit by the assignee; and if he should pay the assignee, or the assignee should recover judgment against him, without notice, it would be a bar to a subsequent action by the purchaser.

The *St.* of 1852, *c.* 312, § 18, requires that " the answer shall set forth, in clear and precise terms, each substantive fact intended to be relied upon in avoidance of the action." Gen. Sts. *c.* 129, § 20. And we think, upon the principles fully stated in *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541, that the defence upon which the defendant relies is clearly a matter in avoidance of the plaintiffs' action. The plaintiffs aver in their declaration a debt due to the insolvent, and the assignment under the insolvent law. This makes a good case. They are not obliged to go farther, and negative any sale or subsequent assignment of the debt. They are only required to allege so much as constitutes a good cause of action. The ground of defence is, that since this cause of action accrued, something has occurred to defeat and avoid it. The argument that the plaintiffs must show that they had a right of action when they commenced their suit, and that this is implied in their declaration, proves too much; for it would be equally applicable to the case of a release, or payment, or the bar of the statute of limitations. As was said in *Mulry* v. *Mohawk Valley Ins. Co.,* " whenever a defendant intends to rest his defence upon any fact which is not included in the allegations necessary to the support of the plaintiff's case he must set it out in clear and precise terms in his answer." As the defendant did not allege in his answer that the plaintiffs had sold the claim which is the cause of action declared on, and refused to amend it, he has lost the benefit of such a defence.

*Exceptions overruled.*